IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL SANDOVAL,

    Plaintiff,

vs.                                                          No. CIV 03-01431 JEC/ACT

FRED R. LUJAN, individually and as Governor
of Isleta Pueblo; WILLIAM CHAVEZ, individually
and as acting Director of CHR/EMS; TIM WOODWARD,
individually and as acting Lieutenant of CHR/EMS; and
GRACE CHAVEZ, individually and as Isleta Pueblo Director
of Human Resources; and the Pueblo of Isleta,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' Motion to Dismiss, filed January 5, 2004 (*Doc. 2*). Having reviewed the motion, memoranda, responses thereto, and all relevant authority, the Court finds the motion well-taken and it is, therefore, GRANTED.

**I.    Background**

Plaintiff, a non-Indian, former employee of the Isleta Pueblo, filed his Complaint on December 15, 2003 asserting claims against multiple Indian defendants, including the Isleta Pueblo ("the Pueblo") and Pueblo officials and employees, in both their individual and official capacities, for breach of employment contracts (Count I), constitutional torts (Count III), and negligence (Count IV). Plaintiff is seeking injunctive relief (Count V) and money damages in his prayer for relief. [1]

---

[1]     Plaintiff has omitted Count II from the Complaint.

1

From April 1994 until September 1997, Plaintiff was Director of the Isleta CHR/EMS ("the Department"). In or around September 1997, two employees of the Pueblo, Defendants Chavez and Woodward, [2] entered Plaintiff's office without legal authority. They took and destroyed files and made false and defamatory representations to officials of the Pueblo regarding Plaintiff's mishandling of Department funds.

Plaintiff was placed on administrative leave pending an investigation. Chavez and Woodward were appointed Director and Lieutenant of the Department. The investigation exonerated Plaintiff but he was never reinstated. Chavez and Woodward remain as Director and Lieutenant of the Department.

Plaintiff opposed his termination in the tribal forum. He claims the Pueblo employment grievance rules of procedure were not followed. His tribal complaint was dismissed with prejudice for lack of jurisdiction, based on sovereign immunity. His appeal was denied and the dismissal was affirmed by the tribal appellate court.

Plaintiff alleges that Defendants, while acting under the color of tribal law, violated his constitutional rights to due process by mishandling his grievance. He also alleges that they violated his right to equal protection of the laws and discriminated against him on the basis of his race by treating him differently than Indians or tribal members concerning their employment rights. He generally alleges that Defendants Chavez and Woodward, in their individual capacities, falsely defamed him, causing him to be removed from his employment, but does not include a specific count

---

[2] For the purpose of this Motion to Dismiss Plaintiff's allegations are taken as true. Plaintiff has alleged that Chavez and Woodward did not act within the scope of their responsibilities or duties as employees of the Pueblo of Isleta when they entered into his office and confiscated and destroyed records.

in his complaint against these defendants for a private defamation tort action.

Plaintiff asserts that his wrongful termination from pueblo employment, and the Pueblo's failure to follow their own procedures in handling his grievance, are violations of his constitutional rights under the United States, New Mexico and Pueblo Constitutions as well as violations of federal statutes.[3] He alleges a conspiracy to manipulate the appeal of his wrongful termination, depriving him of his right to due process and equal protection of the law as a non-tribal member. He also alleges violations of the Pueblo Constitution which this Court assumes to be violations of 25 U.S.C. § 1301-1303 (the Indian Civil Rights Act). He invokes federal jurisdiction under 28 U.S.C. § 1331 and the federal statutes listed in Footnote 3.

## II.   Discussion

Plaintiff's claims all arise from the same set of circumstances, i.e., his wrongful termination from pueblo employment and the manner in which the Pueblo treated his grievance and subsequent complaint. Defendants file this Motion to Dismiss Plaintiff's claims on the basis of lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, sovereign immunity and statute of limitations.

### A.   Standard of Review

Defendants move for dismissal under Fed. R. Civ. P. 12(b)(1) based on sovereign immunity as a jurisdictional bar to Plaintiff's claims; under Rule 12(b)(6) as to Plaintiff's claims under the Indian Civil Rights Act ("ICRA"), 25 U.S.C. § 1301-1303; 42 U.S.C. § 1985; and under Fed. R. Civ. P.

---

[3] Plaintiff presents his claims as violations of 42 U.S.C. § 1981 (providing equal rights under the law), 42 U.S.C. § 1983 (providing a civil action for the deprivation of rights under the color of state law), 42 U.S.C. § 1985 (providing a civil action for conspiracy to interfere with civil rights), and 28 U.S.C. § 1343 (providing original jurisdiction in the district courts for injury caused in furtherance of a conspiracy as mentioned in § 1985).

8(c) invoking statute of limitations.

"Rule 12(b)(1) motions generally take one of two forms." *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) and *Gallegos v. Jicarilla Apache Nation*, 97 Fed. Appx. 806, 809 (10th Cir. 2003)(unpublished). The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction or (2) go beyond the allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction exists. *Id.*

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim upon which relief can be granted." *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir.1999). In considering a Motion to Dismiss the court will "... accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the nonmoving party." *Gallegos v. Jicarilla Apache Nation*, 97 Fed. Appx. at 809.

"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

**B.      25 U.S.C. § 1301-1303 The Indian Civil Rights Act ("ICRA"),**

Plaintiff's claims against the tribe and tribal officials and employees in both their individual and official capacities under the IRCA may be summarily dismissed. It is a fundamental principle of Indian law that the tribes, as an aspect of their retained sovereignty, possess immunity from suit. *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 58-59 (1978). "As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its

immunity." *Gallegos v. Jicarilla Apache Nation*, 97 Fed. Appx. at 809 (citing *Kiowa Tribe of Oklahoma v. Manufacturing Techs., Inc.,* 523 U.S. 751, 754 (1998)).

The sole federal relief available under the ICRA is a writ of habeas corpus. Therefore, Plaintiff's prayer for money damages and injunctive relief must be denied, for "Federal courts . . . lack subject matter jurisdiction to hear claims under the ICRA against Indian tribes for declaratory relief, *Ordinance 59 Ass'n. v. United States Dept. of Interior Sec'y,* 163 F.3d 1150, 1153- 4 (10th Cir.1998), or monetary damages, *Olguin v. Lucero*, 87 F.3d 401, 404 (10th Cir. 1996)." *Gallegos v. Jicarilla Apache Nation*, 97 Fed. Appx. at 810.

"Further, in addition to the tribes themselves, this immunity from suit under the ICRA protects tribal officers acting in their official capacity." *Gallegos v. Jicarilla Apache Nation*, 97 Fed. Appx. at 810 (citing *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 71-72 (1978)); *Bruette et al v. Knope et al.*, 554 F. Supp. 301, 304 (E.D. Wis.1983) (interest in preserving inherent right of self-government in Indian tribes is equally strong when suit is brought against individual officers of the tribal organization as when brought against the tribe itself). Regarding the Defendants individually, the ICRA, by its plain language, does not allow suits against individual Native Americans acting in a non-official capacity. *Gallegos v. Jicarilla Apache Nation*, 97 Fed. Appx. at 810 (citing 25 U.S.C. § 1302).

Therefore, this Court has no jurisdiction to hear Plaintiff's claims of violations of Pueblo constitutional rights under the ICRA against any of the named Defendants, in either their individual or official capacities and these claims are dismissed.

C.	**Due Process and Equal Protection under the Bill of Rights in the United States Constitution**

Congress and the courts are clear that "Indian tribes are 'distinct, independent political communities, retaining their original natural rights' in matters of local self-government." *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 55 (1978) (citing *Worcester v. Georgia,* 6 Pet. 515, 559 (1832)). "Although no longer possessed of the full attributes of sovereignty, they remain a separate people, with the power of regulating their internal and social relations." *United States v. Wheeler*, 435 U.S. 313 (10th Cir.1978) (citing *United States v. Kagama,* 118 U.S. 375, 381-382 (1886)). "As separate sovereigns pre-existing the Constitution, tribes have historically been regarded as unconstrained by those constitutional provisions framed specifically as limitations on federal or state authority."*Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 55. Courts have refused to apply specific portions of the United States Constitution to the tribes, absent a specific waiver. In *Santa Clara,* the court held that "[t]he Fifth Amendment does not operate upon the powers of local self-government enjoyed by the tribes." *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 55 (citing *Talton v. Mayes,* 163 U.S. 376 (1896)). Therefore, the Pueblo is not subject to the constitutional limitations applicable to the states and federal government unless some exemption to the general rule exists.

Plaintiff fails to meet the narrow exception to tribal sovereign immunity carved out under *Dry Creek Lodge, Inc. v. Arapahoe & Shoshone Tribes*, 623 F.2d 682, (10th Cir.1980). "[A] plaintiff may bring suit for damages against a tribe or a tribal official, under limited circumstances, as an exception to *Santa Clara Pueblo."* Plaintiff fails to meet the succinct test to qualify for the exception, i.e., "(1) the dispute involves a non-Indian party; (2) a tribal forum is not available; and (3) the dispute involves an issue falling outside internal tribal affairs." *Ordinance 59 Ass'n.* 163 F.3d 1150, 1156 (10th

Cir.1998) (citing *Dry Creek Lodge, Inc. v. Arapahoe & Shoshone Tribes*, 623 F.2d 682, 685) . While Plaintiff is certainly a non-Indian, his complaint alleges that he pursued tribal remedies including an initial grievance and a subsequent complaint and appeal. Therefore, he had access to a tribal forum. *Olguin v. Lucero*, 87 F.3d 401, 404 (10th Cir. 1996) (holding that plaintiff who brought ICRA claims against the tribe and tribal officers, after a suspension of employment from the tribal police force, did not fall within the *Dry Creek* exception because plaintiff availed herself of a tribal forum). The tribal forum, if existent, is the exclusive forum. *White v. Pueblo of San Juan*, 269 F.3d 1307,1312 (10th Cir. 1984) (holding that if tribal remedies are existent, they are exclusive). Regarding the third prong requirement of *Dry Creek* , Plaintiff's claims of wrongful termination are an internal tribal matter. See discussion below in Subsections D and E.

Plaintiff's claims were ultimately dismissed in the pueblo forum on the grounds of sovereign immunity. Plaintiff's dissatisfaction with the result does not carve out a fourth prong to *Dry Creek.* The Tenth Circuit has taken a narrow view of the *Dry Creek* exception and this can have the result of precluding federal court jurisdiction over non-Indian complaints even if tribal court remedies are unavailable. *Nero et al v. Cherokee Nation of Okla.* 892 F.2d 1457, 1460 (10th Cir. 1989). This Court has no jurisdiction to hear Plaintiff's federal constitutional claims against the Pueblo and the Pueblo officials and employees because they have sovereign immunity.

**D.     28 U.S.C. § 1331**

Plaintiff also invokes federal jurisdiction under 28 U.S.C. § 1331, asserting that "substantial federal questions" are involved. His assertion is unpersuasive. This is a suit for wrongful termination of employment and failure to follow Pueblo procedures when Plaintiff filed a grievance for his termination. Congress and the courts have made it clear that Title VII specifically exempts the tribes

7

from employment discrimination suits due to sovereign immunity. "Wrongful termination of tribal employment claims are internal tribal affairs. The conclusion, that tribal employment matters are internal to the tribe, is bolstered when the employing tribal agency functions as an arm of the tribal government, not simply as a business entity that happens to be run by a tribe or its members, but rather, occupies a role quintessentially related to self-government." *Gallegos v. Jicarilla Apache Nation,* 97 Fed. Appx. 809, 810-811. Here, Plaintiff was employed by the Pueblo as the Director of its Emergency Services Department, a position central to tribal self-government. Therefore, it is clear that this employment dispute is an internal pueblo matter.

For the reasons stated above, this is not a case that arises under the Constitution, laws, or treaties of the United States and cannot invoke federal jurisdiction pursuant to 28 U.S.C. § 1331. Moreover, Section 1331 does not specifically authorize suit against the tribes or waive tribal sovereign immunity. Consequently, federal jurisdiction cannot be based on Section 1331 unless some other statute waives tribal immunity. *New Mexico v. Regan*, 745 F.2d 1318, 1321 (10th Cir. 1984).

**E.      42 U.S.C. § 1981**

Plaintiff has also alleged civil rights violations under 42 U.S.C. § 1981. Section 1981 provides in pertinent part for equal rights under "the law". Plaintiff alleges that, because of his race, he was terminated and denied access to the grievance process provided in the Pueblo personnel manual. Plaintiff's Section 1981 claim must also fail because Congress and the courts have exempted Indian tribes from the federal civil rights statutes that apply to employment. Relying on the Supreme Court's decisions in *Morton v. Mancari,* 417 U. S. 535 (1974) and *Santa Clara Pueblo v. Martinez,* 436 U.S. 49 (1978), the Tenth Circuit held that Section 1981 does not provide a basis for federal court jurisdiction over an individual's employment discrimination claim (including discharge from

employment on the basis of race) because such claims are subject to Title VII's statutory provisions from which Congress has specifically exempted Indian tribes. *Wardle v. Ute Indian Tribe*, 623 F.2d 670 (10th Cir. 1980).

**F.      42 U.S.C. § 1983**

Plaintiff invokes 42 U.S.C. § 1983, which, in pertinent part, provides a civil action for the deprivation of rights under "color of state law". Plaintiff's basis for this claim is the same - his wrongful termination from employment and denial of the full and equal benefit of Pueblo law.

1.      Section 1983 Claims Against the Pueblo and its Officials

Section 1983 claims against the Pueblo, its officials and employees acting in their official capacity fail because Plaintiff never alleges facts that Defendants acted "under color of state law." *E.F.W. v. St. Stephens Indian School,* 264 F.3d 1297, 1306 (10th Cir. 2001).

While Plaintiff has not moved to amend his complaint to incorporate an allegation that Defendants acted under color of state law [4], he attempts to remedy his deficiency by addressing the "color of state law" requirement in his Response to Defendants' Motion. Plaintiff asserts that the Pueblo and its officials became state actors when they entered into the Pueblo-State Gaming Compact ("the Compact") with the State of New Mexico ("the State"). [5] This argument is unpersuasive. The

---

[4]      In fact, Plaintiff's complaint alleges that at all times the Defendants were acting under color of tribal law.

[5]      *Evans v. McKay*, 869 F.2d 1341 (9th Cir. 1989) is cited by Plaintiff for the proposition that the Pueblo became a state actor when it entered into the Compact with the State of New Mexico. *Evans* involved an agreement between the City, the Tribe and the Bureau of Indian Affairs ("BIA") that authorized the BIA to enforce tribal laws on the reservation and to protect the residents of the City and enforce city ordinances. *Id.* at 1347-1348. The non-Indian plaintiffs in *Evans* brought suit against the BIA police for an allegedly unconstitutional arrest made pursuant to a tribal court order for violation of a city ordinance. *Id* at 1348. In this very limited circumstance, the *Evans* court held that the plaintiffs had sufficiently alleged action under

making of a contract with the State, or the acceptance of state or federal funds, does not convert tribal officials into state or federal actors. *E.F.W. v. St. Stephens Indian School,* 264 F.3d 1297, 1306 (10th Cir. 2001) [6]; *Dry v. United States,* 235 F.3d 1249, 1255 (10th Cir. 2000).

To the contrary, the health, safety and construction standards applicable to the Isleta Pueblo casino is governed by tribal law. The Compact, by its own terms, provides only that tribal law would mirror state standards for such services. When the Pueblo adopted the state standards, it was at all times acting pursuant to and enforcing tribal law. Tribes do not derive their authority to act from state law when they agree to use state law as their own,. *E.F.W. v. St. Stephens Indian School*, 264 F.3d 1297, 1306 (10th Cir. 2001). Therefore, Plaintiff's Section 1983 claims against the Pueblo and its officials fail and are dismissed.

2. Section 1983 Claims Against Defendants in Their Individual Capacity

Plaintiff's Section 1983 claims, as they apply to Chavez and Woodward, fail because torts committed outside official duties are private torts and do not constitute tribal or state action. *Jojola v. Chavez*, 55 F.3d 488, 492- 493 (10th Cir. 1995) (holding that where school custodian sexually assaulted plaintiff's child, in school, he was not acting under the color of state law. His act constituted a private tort having no nexus to his use or misuse of his authority as a public employee.) In addition, Plaintiff's allegations against Woodward and Chavez are state court claims and do not constitute constitutional violations. *Siegert v. Gilley,* 500 U.S. 226, (1991) (holding that a defamatory letter from

---

color of state law.

[6] In *E.F.W.*, the Tribes entered into an agreement with the state, to comply with state child and family services rules and regulations, and the Tenth Circuit held that this did not convert the tribal actors into state actors for the purpose of creating Section 1983 liability.

a supervisor to a future employer failed to state a claim for violation of any rights secured to him under the U.S. Constitution, since defamation was a tort action, not a constitutional deprivation.)

To the extent that Plaintiff seeks to have the Pueblo responsible for the individual acts of Chavez and Woodward, the claims are barred on the basis of sovereign immunity. Where the relief sought against the individual defendant would actually operate against the government, the action is deemed to be against the government. *New Mexico v. Regan*, 745 F.2d 1318 (10th Cir. 1984). Therefore, Plaintiff's Section 1983 claims against the Pueblo and its officials and employees in both their official and individual capacities fail as a matter of law and are dismissed.

### G.     42 U.S.C. § 1985

Plaintiff also alleges claims under 42 U.S.C. § 1985. Section 1985 provides, in pertinent part, "if two or more persons go on the premises of another, for purposes of depriving any person . . . of the equal protection of the laws, . . . the party so injured may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators." However, an Indian tribal council is an entity or government body which cannot conspire with itself in violation of 42 U.S.C. § 1985; nor can tribal council members conspire when they act together with other tribal council members in taking official action on behalf of tribal council; neither can individual members of tribal council be sued under Section1985 for official action taken when acting in legislative capacity; neither has the Pueblo or Congress waived immunity under the ICRA. *Runs After v. United States,* 766 F.2d 347 (8th Cir. 1985); *Mousseaux v. United States*, 28 F.3d 786 (8th Cir.1994); *Nero v. Cherokee Nation of Oklahoma*, 892 F.2d 1457 (10th Cir. 1989) (Descendants of slaves owned by Cherokees and freed by the Treaty of 1866 between the United States and Cherokee Nation failed to state claims under Section1985(3) against tribal officials alleging they were denied the right to vote

in tribal elections and right to participate in federal Indian benefits programs, since the Indian Civil Rights Act did not provide an independent statutory basis for suit under Section 1985).

In addition, it would be inconsistent for this Court to allow artful pleading to provide jurisdiction to hear an employment case pursuant to a statute providing a general cause of action where it had no jurisdiction to hear it had the complaint pled an action pursuant to statutes dealing with employment specifically, discussed above in Subsection E.  Finally, in order to satisfy the requirements of Section 1985, Plaintiff "must point to independent substantive rights enforceable in the federal courts to state a claim. . . ." *Wheeler v. Swimmer*, 835 F. 2d 259, 262 (10th Cir. 1987) (holding that the district court properly declined to assume subject matter jurisdiction because the case involved purely intra-tribal political controversies where unsuccessful candidates for tribal office brought an action challenging the conduct of the election and its certification through the actions of the incumbents and the Bureau of Indian Affairs). Therefore, as Section 1985 claims apply to the Pueblo and its officials acting in their official capacity, Plaintiff has failed to state a claim and this cause of action is dismissed.

Individual Indians may be sued under Section 1985 notwithstanding the exemption of Indian tribes from civil rights statutes and from Constitutional provisions aimed at limiting powers of federal and state government.  *Thompson v. New York,* 487 F. Supp. 212 (ND NY, 1979).  Chavez and Woodward, acting outside their official duties as employees of the Pueblo, do not enjoy the benefit of tribal immunity under Section 1985(3). "Section 1985(3) requires proof of a conspiracy, . . . and proof that a conspirator's action was motivated by a class-based, invidiously discriminatory animus. . . . [It] provides redress of injuries which result from private conspiracies driven by some racial or otherwise class-based discriminatory animus." *Dixon v. The City of Lawton, Oklahoma et al*, 898 F.2d

1443, 1447 (1990). However, the plain words of the statute, " the equal protection of *the laws*" refers to "*the laws*" of the United States. Woodward and Chavez violated pueblo law on pueblo land. 42 U.S.C. § 1985 (emphasis added).

Plaintiff claims he did pursue tribal remedies against the Defendants but did not specify whether he pursued claims for private torts such as defamation, or claims against the Defendants in their individual capacity under Section 1985. To the extent that Plaintiff pursued an action against Defendants in the tribal forum, those issues are resolved. If Plaintiff failed to plead a claim for the private tort or a violation of Section1985 in the tribal forum, then the Statute of Limitations raised by Defendants in this Motion applies to bar the claim. Therefore, Plaintiff's Section 1985 claims against defendants in their individual capacities also fail and are dismissed.

## H.    28 U.S.C. § 1343

28 U.S.C. § 1343, "the federal Civil Rights Act", similarly provides no basis for federal court jurisdiction. Section 1343 [7] provides for original jurisdiction in the federal courts for injury caused in furtherance of a conspiracy as mentioned in Section 1985, discussed above. Congress did not provide a specific waiver of immunity against the United States or the tribes in § 1343. Therefore, Plaintiff's

---

[7]     § 1343 provides: (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privileges of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;  (2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in Section 1985 of Title 42 which he had knowledge were about to occur and power to prevent; (3) To redress the deprivation, under color of state law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;  (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

Section 1343 claim fails for lack of subject matter jurisdiction.

In pertinent part, Section 1343, invokes jurisdiction under Part (A)(4) "when any person states a claim, under any act of Congress, providing for the protection of civil rights." *Wheeler v. Swimmer,* 835 F.2d 259, 261 (10th Cir.1987).  Plaintiff asserts that he has stated such a claim. However, all of the alleged violations relate to the termination of Plaintiff's employment and his subsequent appeal of that termination through the tribal forum. "Even assuming that the complaint is sufficiently specific to meet the requirements of Fed. R. Civ. P. 8(a),  [Plaintiff] has failed to plead facts sufficient to state a claim under Section 1985(3). . . ." *Id.*   For the reasons stated above, this claim is also barred for lack of subject matter jurisdiction and sovereign immunity and is dismissed.

**3.  Conclusion**

In summary, Plaintiff has failed to allege any claim sufficient to create subject matter jurisdiction in this Court or to defeat Defendants' claim of sovereign immunity.

Wherefore,

**IT IS ORDERED** that Defendants' *Motion to Dismiss  (Doc. 2),*  is **GRANTED**.

DATED October 14, 2004.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    Chris Lucero, Jr., Esq.
    P.O. Box 7429
    Albuquerque, N.M. 87194

Counsel for Defendants:

    Gary F. Brownell, Esq.
    Suzanne G. Dressler, Esq.
    Sonosky, Chambers, Sachse, Endreson & Mielke, LLP

500 Marquette Avenue, N.W., Suite 700,
Albuquerque, N.M. 87102